Eastern District of Kentucky
F I L E D
AUG 0 7 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 17-257

FREDRICA DILWORTH, PLAINTIFF,

v.           MEMORANDUM OPINION AND ORDER

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,           DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits in April 2014, alleging disability beginning on January 1, 2014, due to depression and back pain (Tr. 221). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Roger Reynolds (hereinafter "ALJ"), wherein Plaintiff, represented by counsel, testified. At the hearing, Jackie Rogers, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 33 years old at the time she alleges she became disabled. She has a GED and some additional vocational training and certifications (Tr. 222). Her past relevant work experience consists of work as a nurse's aide, babysitter, cashier and grill cook. *Id.*

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 12).

The ALJ then determined, at Step 2, that Plaintiff suffers from generalized anxiety disorder, major depressive disorder, posttraumatic stress disorder and borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations (Tr. 13).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments. *Id.* In doing so, the ALJ specifically considered Listings 12.02, 12.04

2

and 12.06 (Tr. 13-15).

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 18) but determined that she has the residual functional capacity ("RFC") to perform the representative unskilled medium exertion occupations of laundry worker, hospital cleaner, kitchen worker, cleaner, machine off bearer, and press operator, (Tr. 15-16).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may

3

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Although her arguments are vague, it appears that Plaintiff contends that the ALJ did not properly consider her mental impairments and improperly discounted her credibility.

Notwithstanding Plaintiff's assertion that the ALJ misconstrued or otherwise failed to properly evaluate her mental impairments, a review of the hearing decision establishes otherwise. The ALJ thoroughly recounted and reviewed the evidence in the record with regard to Plaintiff's mental impairments. Notably, the ALJ pointed out that although Plaintiff alleges, she became disabled in January 2014, in part, due to depression, she did not seek any sort of treatment until over a year later and notes from that provider do not describe disabling mental impairment. In March 2015, Plaintiff went to the Bluegrass Regional Mental Health Center. Notes from that facility state that Plaintiff's "mood [is] dysthymic, with no evidence of unusual thought content." (Tr. 349).

Plaintiff was examined by consultative psychiatrist, Harwell Smith, Ph.D. He concluded that she suffered from posttraumatic stress disorder (PTSD) due to childhood abuse and indicated she was unable to stay focused (Tr. 339-344). However, she reported she was not taking any psychotropic medicines or receiving counseling. Dr. Smith's mental status evaluation revealed

4

that Plaintiff's memory was intact. He found that Plaintiff exhibited no evidence of hallucinations, delusions, or of a thought disorder, and she denied suicidal ideation. Dr. Smith opined that Plaintiff's abilities to perform activities of daily living, interact socially, tolerate stress, and complete tasks were good. He also opined that Plaintiff's ability to understand and remember two-step instructions was good, as well as her ability to show sustained concentration and persistence on tasks. Dr. Smith further opined that Plaintiff's ability to interact socially with people at work was fair and that her ability to adapt or respond to the pressures of a day-to-day work setting was fair to good (Tr. 339-344).

The ALJ gave significant weight to Dr. Smith's opinion that Plaintiff could perform unskilled work. Plaintiff does not state why she finds the ALJ's consideration of this opinion objectionable. Given that the opinion is consistent with the other credible evidence in the record, Plaintiff's argument is without merit.

As for Plaintiff's credibility, it is well established that an ALJ is in the best position to observe witnesses' demeanor and to make an appropriate evaluation as to their credibility. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir.1997). Therefore, an ALJ's credibility assessment will not be disturbed "absent compelling reason." *Smith v. Halter,* 307 F.3d 377, 379 (6th Cir.2001); *Walters,* 127 F.3d at 531 (recognizing ALJ's credibility assessment is entitled to "great weight and deference"). In making a credibility determination, Social Security Ruling 96-7p provides that the ALJ must consider the record as a whole, including objective medical evidence; the claimant's statements about symptoms; any statements or other information provided by treating or examining physicians and other persons about the conditions and how they affect the claimant; and any other relevant evidence. *See* SSR 96-7p, 1996 WL 374186, at

*2 (July 2, 1996). Here, the ALJ properly recognized the factors that the regulations require to be considered in evaluating a claimant's credibility with regard to their pain. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). He set forth in detail reasons for discounting Plaintiff's credibility.

At the hearing, Plaintiff testified that she had just started taking prescription medication but that it was providing some difference in her symptoms (Tr. 36). She said that she experienced panic attacks but did drive a vehicle (Tr. 38). She said that she had been sexually abused by her stepfather and that it had a negative impact on her relationship with her mother (Tr. 51-53). Finally, Plaintiff testified that she had been fired from different jobs, including a job at Walmart, because she "didn't show up." (Tr. 57).

After hearing Plaintiff's testimony and reviewing the other evidence in the record, the ALJ found that Plaintiff's activities of daily living (caring for her children and getting them ready for school, shopping in stores, her ministry involvement, and being a radio personality), as well as the mental health treatment record were not entirely consistent with her assertions regarding the intensity, persistence and limiting effects of her subjective complaints (Tr. 16-18).

In declaring error, she contends that she was "asked all the wrong questions at the January 2016 hearing." Yet, Plaintiff provides no specific argument as to significant probative evidence justifiably relied on by the ALJ and does not explain why the ALJ's reasonable RFC finding did not adequately account for her supportable mental limitations.

"[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones."

*McPherson v. Kelsey,* 125 F.3d 989, 995–96 (6th Cir.1997) (citation omitted); *see also Crocker v. Comm'r of Soc. Sec.,* 2010 WL 882831 at *6 (W.D.Mich. Mar.9, 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted).

Plaintiff has not presented a cogent argument that the ALJ improperly evaluated her credibility.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 7th day of August, 2019.

Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

7